**FLORIDA YACHT BROKERS, INC.,**
a Florida corporation, Libelant,

v.

The **YACHT HUCKSTER,** her engines, etc., Respondent.

The **PHILADELPHIA NATIONAL BANK,**
a National Banking Association,
Intervening Libelant,

v.

The **YACHT HUCKSTER,** her engines, etc., Respondent.

No. 65–3–Adm.

United States District Court
S. D. Florida.

Oct. 6, 1965.

Gary P. Eidelstein, Miami Beach, Fla., for libelant.

H. N. Boureau, of Shutts & Bowen, Miami, Fla., for respondent and intervening libelant.

MEHRTENS, District Judge.

### FINDINGS OF FACT

1. This is an action instituted by libelant Florida Yacht Brokers, Inc., against the yacht "Huckster," etc., alleging a breach of a bare boat charter given by the vessel's owner to Florida Yacht Brokers, Inc., and claiming a lien on the vessel for certain work, labor and materials.

2. The Philadelphia National Bank filed its intervening libel seeking to foreclose an alleged preferred ship's mortgage on the vessel.

3. Neither the owner nor any other party has filed any claim to the vessel and a default was entered against the vessel and all persons other than the libelant.

4. Florida Yacht Brokers, Inc., is a Florida corporation and the yacht "Huckster" is American, registered in Philadelphia, Pennsylvania, and is within the jurisdiction of this court.

5. George Crain, Inc., being then the owner of the "Huckster" and being in-

debted to The Philadelphia National Bank (hereinafter referred to as "Bank"), executed and delivered to the Bank its promissory note in the original amount of $62,500.00 and its mortgage on the "Huckster."

6. The mortgage was duly filed for record on June 7, 1963, and all things necessary to be done to give it the status of a preferred mortgage were done, and the mortgage is, in fact and in law, a preferred mortgage under the laws of the United States of America and a valid lien against the "Huckster," her engines, etc. As of February 9, 1965, the unpaid balance of $45,833.44 was due and owing to the Bank on this note and mortgage.

7. The note in the original principal amount of $62,500.00 states that the owner deposited the preferred ship's mortgage "as collateral security for the payment of this Note and all obligations of any of the Undersigned to Bank out of whatever transaction arising, whether originally contracted with Bank or with another, now existing or hereafter incurred, absolute or contingent, * *."

8. On August 22, 1963, the owner became indebted to the Bank in the sum of $11,200.00 and executed and delivered its note to the Bank to evidence that indebtedness. As of February 9, 1965, there remained an unpaid balance of $6,268.73 on this note, which sum is due and owing to the Bank.

9. On January 21, 1965, the owner became indebted to the Bank in the sum of $15,300.00 and executed and delivered its note to the Bank to evidence that indebtedness. As of February 9, 1965, the sum of $15,300.00 was due and owing to the Bank on this note.

10. The Bank is the owner and holder of the mortgage and each of the three notes. Each note is in default and has been accelerated.

11. On October 4, 1964, Florida Yacht Brokers, Inc., entered into a charter agreement with George Crain, Inc., the owner of the "Huckster," and paid to the owner the sum of $7,000.00 for the charter.

12. After the execution of the charter, Florida Yacht Brokers, Inc., furnished work, labor and materials to the vessel amounting to $12,341.28, and further submitted into evidence itemized bills showing that it had incurred $1,100.00 for advertising expenses in connection with the charter of the vessel.

13. The Bank employed the firm of Shutts, Bowen, Simmons, Prevatt, Boureau & White to institute and prosecute this suit to a conclusion and has agreed to pay that law firm a reasonable fee for their services. A reasonable fee to be allowed that firm for their services herein is $5,000.00.

14. The charter was breached by the owner and Florida Yacht Brokers, Inc., has a lien against the "Huckster" in the sum of $20,441.28 for charter hire, labor and materials furnished to the vessel and advertising.

15. In addition to the above, Florida Yacht Brokers, Inc., has sustained loss of profits as a result of having to cancel five executed charter contracts due to the wrongful acts of the owner of the respondent vessel in breaching their charter in the amount of $4,600.00, and also has a lien against the vessel in that amount.

16. The loss and damage to Florida Yacht Brokers, Inc., was not brought about by any act or omission of the Bank. That loss was sustained by reason of the breach of the charter by the owner of the vessel.

## CONCLUSIONS OF LAW

1. On August 19, 1965, a partial summary decree was entered in this cause by another Judge decreeing that the Bank's mortgage in the original principal sum of $62,500.00 constitutes, in fact and in law, a preferred ship's mortgage and a valid lien against the "Huckster," and that there is due and owing to the Bank on the note secured by the mortgage the sum of $45,833.44 as of February 9, 1965, but that the said mortgage does not constitute a preferred ship's mortgage respecting either of the notes given by the owner, George Crain, Inc., to the Bank, dated August 22, 1963 and

January 21, 1965, in the original principal amounts of $11,200.00 and $15,300.00, respectively. This decree, therefore, constitutes the law of this case.

2. The Philadelphia National Bank's preferred ship's mortgage constitutes a first lien on the vessel, prior in dignity to all others, in the sum of $45,833.44 as of February 9, 1965, and $5,000.00 as attorneys' fees, totalling $50,833.44, with such interest as may be due.

3. In the absence of any allegations or proof showing that the loans to the owner, George Crain, Inc., by the Bank on August 22, 1963 and January 21, 1965, in the original principal amounts of $11,200.00 and $15,300.00, respectively, were made for the purpose of being applied for the use and benefit of the "Huckster" or that the money was so applied, then, in view of the above decree, the said sums do not constitute maritime liens enforceable in this action.

4. Florida Yacht Brokers, Inc. has a lien in the amount of $25,041.28 against the vessel prior in dignity to all others except the lien of the Bank, as set out above.

Final Judgment in conformity with the foregoing Findings of Fact and Conclusions of Law shall be settled and submitted by Libelant within five (5) days.